UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL R. REED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-1062 (CEJ) |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On August 28, 2009, Judge Blanton issued a Report and Recommendation, recommending that the petition of Michael R. Reed for writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

I.  **Background**

Petitioner was charged with first-degree murder and armed criminal action, arising from the killing of Michelle Payne. On April 30, 2001, petitioner pleaded guilty to a reduced charge of second-degree murder and armed criminal action. He was sentenced to two concurrent twenty-five year terms of imprisonment. In state post-conviction proceedings and this habeas corpus action, petitioner complains that he received ineffective assistance of counsel in that (1) counsel misinformed him about the amount of time he would be required to serve as a result of pleading guilty; (2)

counsel misinformed petitioner regarding the impact of § 558.019.3, Mo. Rev. Stat., on his parole eligibility; and (3) counsel badgered petitioner into entering guilty pleas.

The state post-conviction court held an evidentiary hearing on petitioner's ineffective-assistance claims. Testimony was received from petitioner, petitioner's friend James Jackson, and trial counsel. Petitioner testified that he met with trial counsel on multiple occasions to discuss possible defenses and the possibility of entering a guilty plea to reduced charges; Mr. Jackson or petitioner's daughter were present for several of the meetings. Petitioner, who was 64 years old when he pleaded guilty, also testified that counsel told him that, due to a "loophole,"[1] he could be "out of prison" in ten years. Elsewhere, petitioner testified that counsel promised him that he would "walk out" of prison at age 70. Petitioner testified that his decision to plead guilty was the result of counsel's discovery of the "loophole" and counsel's "constant badgering." Petitioner states that if he had known that he had to serve at least 40% of his sentence before becoming eligible for parole, he would have insisted on going to trial on the first-degree murder charge.

James Jackson, petitioner's friend, attended two of the meetings petitioner had with counsel. Mr. Jackson testified that trial counsel explained that if petitioner pleaded guilty to second-degree murder, "it was my understanding that after a

---

[1]The "loophole" at issue is § 558.019.3, Mo. Rev. Stat., which provides:

> Other provisions of the law to the contrary notwithstanding, any offender who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section § 556.061 RSMo, and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

§ 558.019.3.

percentage of time or a given time because of [petitioner's] age that he would be eligible for parole . . . [W]hen we left I made the comment . . . 'Mike, you're going to be out between 72 and 75, that beats life.'"

Trial counsel denied badgering petitioner in an effort to make him plead guilty. Counsel acknowledged that he told petitioner that a conviction for first-degree murder was likely if he went to trial. Counsel also told petitioner that a conviction for first-degree murder would exclude him from the benefit of § 558.019.3 because it is not listed as a "dangerous felony" under § 556.061.

## II. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's

decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

### III. Discussion

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In order to establish prejudice in the context of the guilty plea, a petitioner must demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In order to obtain relief under § 2254(d)(1), however, it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Bell v.

Cone, 535 U.S. 685, 699 (2002). Rather, petitioner must show that the Missouri courts applied Strickland to the facts of his case in an objectively unreasonable manner. Id.

The state courts determined that trial counsel gave petitioner a copy of the statute and did not badger petitioner. These factual determinations by the state courts must be afforded a presumption of correctness that may be overcome only by clear and convincing evidence. § 2254(e)(1). Petitioner's challenges to the state courts' factual determinations amount to no more than contrary interpretations of the post-conviction testimony and are insufficient to entitle him to relief.

Petitioner challenges the determination that trial counsel did not affirmatively misrepresent his eligibility for parole under § 558.019. Petitioner concedes, as he must, that a conviction for first-degree murder would have made him ineligible for early parole under the statute. James Jackson and trial counsel both testified that, based upon the evidence, they believed that petitioner would be convicted if he went to trial; trial counsel additionally believed that a jury would not return guilty verdicts on second-degree murder instead of first-degree murder. Petitioner cannot rely on unsupported assertions that he would have prevailed at trial to counter the presumption that trial counsel's assessment of the strengths and weaknesses of the state's case fell within the wide range of professionally reasonable assistance.

Following a *de novo* review, the Court concludes that petitioner has failed to establish that the state courts' decisions on his claims were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in State court proceedings. 28 U.S.C. § 2254(d).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton [Doc. #10] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Michael R. Reed for writ of habeas corpus [#1] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability.   See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2009.